IIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OCWEN LOAN SERVICING, LLC, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | Civil Action No: 3:14-CV-03413-N-BK |
| | § | |
| MOHAMMED HASHEMI, SHELBY | § | |
| L. LYTLE, BRIANNA LYTLE, GUILD | § | |
| MORTGAGE CO., and FIRST UNITED | § | |
| BANK & TRUST CO., | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

This case has been referred to the magistrate judge for pretrial management. Doc. 52.

Now before the Court is Defendant First United Bank & Trust Company's *Motion to Dismiss*

*Plaintiff's First Amended Complaint Pursuant to Rule 12(b)(6)*, Doc. 60, and *Motion for More*

*Definite Statement Subject to Its Motion to Dismiss*, Doc. 61.  For the reasons that follow, the

*Motion to Dismiss* should be **GRANTED IN PART** and the *Motion for More Definite Statement*

should be **DENIED**.

## A.  Procedural History

This case concerns real property and improvements located at 1202 Louise Lane, Ennis,

Texas (the "Property").  In its *Amended Complaint*, Plaintiff alleges that Defendant Mohamad

Hashemi ("Hashemi") purchased the Property, simultaneously executing a promissory note (the

"Note") in favor of Farmers and Merchants State Bank ("Farmers") and, concurrently therewith,

a Deed of Trust granting Farmers a security interest in the Property.  Doc. 68 at 4.  Plaintiff

asserts that through a series of indorsements and transfers, it is now the current owner and holder

of the Note and beneficiary of the Deed of Trust.  Doc. 68 at 4-5.

Hashemi allegedly fell behind on his payments on the Note and, in May 2011, attempted to sell the Property to Defendants Shelby and Brianna Lytle (the "Lytles").  Doc. 68 at 5. Plaintiff alleges that as part of that transaction, a purported release (the "Release") of the Deed of Trust lien was executed and filed by Defendant First United Bank & Trust ("First United") either fraudulently or mistakenly.  Doc. 68 at 5.  The Lytles then executed a promissory note in favor of Defendant Guild Mortgage and a deed of trust to secure that note was recorded.  Doc. 68 at 5. Plaintiff asserts that although the Release states that First United was the successor to Farmers, Farmers already had transferred its interest in the Property by the time First United executed the Release.  Doc. 68 at 5-6.

Hashemi continued to make his loan payments on the Note for some time, but his loan with Plaintiff went into default starting with the August 2013 payment.  Plaintiff then brought this action to declare the Release void, to declare its Deed of Trust to be the superior lien on the Property, and to obtain an order for foreclosure.  Doc. 68 at 6-7.  Plaintiff also asserts, *inter alia*, causes of action for trespass to try title against all Defendants and negligence as to First United and seeks an award of attorneys' fees.  Doc. 68 at 8-9.  First United now moves to dismiss Plaintiff's claims, Doc. 60, and has filed an alternative motion seeking a more definite statement, Doc. 61.

**B.  Applicable Law**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must only include a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  "This simplified notice pleading

standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Id.*

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement of a complaint when it is "so vague or ambiguous that the party cannot reasonably prepare a response." FED.R.CIV.P. 12(e); *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959). Motions for more definite statements are generally disfavored and are only deemed appropriate when the complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed. *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). A court ruling on a Rule 12(b)(6) motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

## C. Arguments and Analysis

### 1. Trespass to Try Title

First United argues that Plaintiff has failed to state a claim of trespass to try title because it did not allege that First United unlawfully entered upon and dispossessed Plaintiff of the

Property or that First United is in possession of the Property.   Doc. 60 at 3.  Plaintiff responds

that it has sufficiently alleged the elements of a trespass to try title claim in that it is attempting

to confirm that its Deed of Trust remains intact on the Property because First United's Release of

the lien was void.   Doc. 64 at 6.

A trespass to try title action is the remedy for parties to resolve competing claims to real

property.  *See* TEX. PROP. CODE § 22.001.  Such an action "is a procedure by which rival claims

to title or right of possession may be adjudicated."  *Yoast v. Yoast*, 649 S.W.2d 289, 292 (Tex.

1983).  To prevail on a trespass to try title claim, a party must: (1) prove a regular chain of

conveyances from the sovereign; (2) establish superior title out of a common source; (3) prove

title by limitations; or (4) prove title by prior possession coupled with proof that possession was

not abandoned.  TEX. PROP. CODE § 22.001; *see also Martin v. Amerman*, 133 S.W.3d 262, 265

(Tex. 2004).

Texas follows the lien theory, not the title theory of mortgages.  *Taylor v. Brennan*, 621

S.W.2d 592, 593 (Tex. 1981).  As such, the lien under a deed of trust is merely a security for the

debt, and the deed of trust conveys neither the title nor the possessory right of the mortgagor in

such land to the mortgagee.  *Id.* at 593 ("[I]n Texas, a mortgage or deed of trust is a lien on

property and does not convey title to the property and, therefore, the mortgagee or trustee is not

the owner of the property.").  Thus, in order for a mortgagee to sustain an action for trespass to

try title, the mortgagee must allege that (1) it obtained a possessory right in the property by

foreclosing on it; and (2) it was unlawfully withheld from possession.  *In re Smith*, 524 B.R. 125,

133 (S.D. Tex. 2015); *see also Stephens v. Motl*, 82 Tex. 81, 86, 18 S.W. 99, 100 (Tex. 1891)

(holding that in a trespass to try title action, the petition must allege that the plaintiff was in

possession of the land when the right of action accrued, or when ousted, or that he was legally

entitled to possession); *Katz v. Rodriguez*, 563 S.W.2d 627, 629 (Tex. Civ. App. 1977) (holding that a trespass to try title is an action to recover the possession of land unlawfully withheld from an owner who has a right of *immediate* possession); *Hume v. Le Compte*, 142 S.W. 934, 935 (Tex. Civ. App. 1911) ("a mortgagee cannot sustain an action of trespass to try title based on his mortgage, because neither the title to the land nor the right of possession is in him.").

Accordingly, to sustain a cause of action in this case, Plaintiff must allege that (1) it had a possessory interest in the Property, presumably through foreclosure; and (2) First United unlawfully withheld the Property from possession. Because neither of these eventualities has occurred, however, Plaintiff cannot sustain a claim against First United for trespass to try title. As such, First United's *Motion to Dismiss* should be **GRANTED** as to this claim.

  *2. Declaratory Judgment and Foreclosure*

First United next argues that it has no ownership interest in the Property and claims no lien on the Property, thus Plaintiff has not pled facts to suggest that First United is an interested party as to Plaintiff's foreclosure and declaratory judgment claims. Doc. 60 at 3. Plaintiff responds that there is a recorded instrument signed by First United that purports to affect Plaintiff's lien interest in the Property, so Defendant is clearly a party against whom declaratory judgment should be entered. Doc. 64 at 6.

A declaratory judgment to the effect that First United has no legal interest in the Property does not appear warranted since any action First United took that affected Plaintiff's interest in the Property ceased before this action was filed. *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (holding that dismissal of claims for declaratory and injunctive relief was warranted because the dispute about ownership or possession of the relevant property was resolved when the state returned the property to the plaintiffs or the plaintiffs forfeited it); *Preiser v. Newkirk*, 422 U.S.

395, 401 (1975) (holding that an "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.") (internal quotations omitted).  Accordingly, the motion to dismiss should be **GRANTED** in this regard.  Further, to the extent Plaintiff is suing First United for foreclosure, the motion to dismiss should be **GRANTED** as to that claim as well because First United is not a mortgagor on the Note that would be liable in a foreclosure proceeding.

   *3.  Negligence*

   First United next asserts that Plaintiff has failed to state a negligence claim against it because it has not explained what legal duty First United owed to Plaintiff.  Doc. 60 at 4. Plaintiff responds that the duty of care arose from section 12.002 of the Texas Civil Practice and Remedies Code, which obligates parties not to make, present, or use a fraudulent lien or claim against real property.  Doc. 64 at 7.

   As an initial matter, a claim for negligence is separate and apart from a claim under section 12.002, which provides a statutory remedy and damages.  *See L'Amoreaux v. Wells Fargo Bank, N.A.*, 755 F.3d 748, 751 (5th Cir. 2014) (noting difference).  To state a claim for negligence, a plaintiff must plead three elements: "a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach."  *D. Houston, Inc. v. Lowe*, 92 S.W.3d 450, 454 (Tex. 2002).

   In Texas, "[t]he threshold inquiry in a negligence claim is whether the defendant owes a legal duty to the receiver."  *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). The duty of care arises from the probability of injury to one who may reasonably be foreseen as likely to be subject to injury.  *Hanselka v. Lummus Crest, Inc.*, 800 S.W. 2d 665, 667-68 (Tex. App−Corpus Christie 1990) (quotation omitted).  The "existence of a duty is a question of law

for the court to decide from the facts surrounding the occurrence in question." *Siegler*, 899 S.W.2d at 197.  "The burden is on a plaintiff to prove the existence and violation of a legal duty owed by the defendant." *Ranger Conveying & Supply Co. v. Davis*, 254 S.W.3d 471, 478 (Tex. App.—Houston [1st Dist.] 2007).  Foreseeability of the risk is the dominant consideration together with the likelihood of injury and the burden of imposing a duty of care.  *City of Waco v. Kirwan*, 298 S.W.2d 618, 624 (Tex. 2009).

Plaintiff alleges that First United acted negligently in executing and recording the Release of the lien on the Property.  As Plaintiff correctly observes, the purpose of recording the release of a lien is so that third parties can be assured that the lien is no longer binding and that the property can be acquired free from any encumbrances.  Doc. 64 at 7.  If a bank mistakenly creates and/or records a release of lien when a different bank holds a lien on the property, it is reasonably foreseeable that both the bank that actually holds the lien as well as any subsequent purchaser of the property will be injured.

In an analogous case, a Texas court held that a cause of action for negligent misrepresentation existed for the purchaser of a house against the surveyor who negligently prepared a survey pursuant to a contract with the homebuilder.  *See, e.g., Cook Consultants, Inc. v. Larson*, 700 S.W.2d 231, 233-34 (Tex. App.—Dallas 1985).  The surveyor's error ultimately resulted in the home having to be demolished due to its encroachment on adjoining property.  *Id.* at 233.  In addressing the burden that imposing liability would have on the surveyor, the *Larson* court stated that "since the very purpose of the survey was, ultimately, to facilitate purchase of the house, the [purchaser's] injury was foreseeable, and public policy dictates imposition of a duty of care [by the surveyor] to the purchaser."  *Id.* at 236.  The same rationale applies here.  *See also Johnson v. Baylor University*, 188 S.W.3d 296, 303 (Tex. App.—Waco 2006) (holding

that a pilot's former employer owed him a duty to exercise reasonable care in supplying his personnel records to his subsequent employer).  Accordingly, the motion to dismiss should be **DENIED** as to Plaintiff's negligence claim.

   *4.  Attorneys' Fees*

   Finally, First United argues that Plaintiff has not alleged any facts or statutory authority to support its claim for attorneys' fees.  Doc. 60 at 4.  Plaintiff responds that attorneys' fees may be warranted against First United depending on the outcome of discovery to determine who signed the Release.  Doc. 64 at 7.  If it was Defendant, then Plaintiff asserts that attorneys' fees may be awarded under section 27.01(e) of the Texas Business and Commerce Code.  Doc. 64 at 70.

   Section 27.01(e) provides that if fraud or a false representation is involved in a real estate transaction, any person who violates the provisions of that section shall be liable to the person defrauded for reasonable and necessary attorneys' fees.  TEX. BUS. & COMM. CODE § 27.01(e). For the reasons stated by Plaintiff and because the claim was sufficient pled under Rule 8(a), dismissal of this claim is not warranted at this stage.  *Swierkiewicz*, 534 U.S. at 512.

**D.  Conclusion**

   For the foregoing reasons, the Court should **GRANT** First United's *Motion to Dismiss* as to Plaintiff's trespass to try title, declaratory judgment, and foreclosure claims.  However, because the Court finds that Plaintiff has successfully stated claims for negligence and attorneys' fees against First United, it is recommended that First United's *Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rule 12(b)(6)*, Doc. 60, be **DENIED** with regard to those claims.  Finally, First United's *Motion for More Definite Statement*, Doc. 61, should be **DENIED** because Plaintiff has sufficiently stated claims for negligence and attorneys' fees

against First United and cannot, as a matter of law, bring a cause of action as to the remaining

claims. *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998)

(noting that dismissal with prejudice is appropriate if it appears that no relief can be granted

under any set of facts that could be proven consistent with the plaintiff's allegations).

       **SO RECOMMENDED** on January 15, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

       A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); F ED . R. C IV . P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE